**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JIMMY LEWIS THOMAS,

                Petitioner,

                                  CASE NO. 06-CV-10799

v.

                                  PAUL D. BORMAN

DOUG VASBINDER,                    UNITED STATES DISTRICT JUDGE

                Respondent.

_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION TO DISMISS;**
**(2) DISMISSING THE HABEAS CORPUS PETITION WITHOUT PREJUDICE;**
**AND (3) DENYING A CERTIFICATE OF APPEALABILITY**

**I.      BACKGROUND**

      Petitioner Jimmy Lewis Thomas has filed a *pro se* habeas corpus petition under 28

U.S.C. § 2254.  Also pending before the Court are respondent Doug Vasbinder's motion to

dismiss the habeas petition and Petitioner's motions for appointment of counsel and an

evidentiary hearing.

      The pleadings and attachments indicate that Petitioner pleaded guilty to one count of

assault with a dangerous weapon (felonious assault), MICH. COMP. LAWS § 750.82, in Wayne

County Circuit Court on May 13, 2004.  In return, the prosecutor dismissed two (2) additional

counts of felonious assault and a notice charging Petitioner with being a habitual offender.  On

July 13, 2004, the trial court sentenced Petitioner to imprisonment for two (2) to four (4) years.

Petitioner successfully moved for resentencing; and on September 16, 2005, the trial court

resentenced Petitioner to imprisonment for a minimum of twenty-three (23) months and a

maximum of four (4) years, with credit for 465 days.  Petitioner later moved to withdraw his plea, but the trial court denied his motion.

On appeal from his conviction and sentence, Petitioner argued through counsel that the trial court erroneously denied his motion to withdraw his plea, because the plea was induced by a promise of a probationary sentence.  As part of the same argument, he also alleged that he was denied effective assistance of counsel during the plea process.  The Michigan Court of Appeals found no merit in Petitioner's claims and denied his application for leave to appeal.  *See People v. Thomas*, No. 266532 (Mich. Ct. App. July 3, 2006) (unpublished).

Petitioner raised several issues in a *pro se* application for leave to appeal in the Michigan Supreme Court.  The first three claims challenged the accuracy of the plea and sentencing transcripts.  The fourth claim alleged that the plea and sentence proceedings were a sham, and the fifth claim alleged corruption and conspiracy.  A sixth claim stated that Petitioner's arraignment was waived without his consent or presence, that the prosecutor withheld evidence favorable to the defense, and that Petitioner's trial attorneys failed to investigate, prepare, or present a substantial defense.  The seventh and final claim alleged that the plea and sentencing proceedings were a sham and that Petitioner received ineffective assistance of appellate counsel. The Michigan Supreme Court was not persuaded to review the questions. On October 31, 2006, it denied Petitioner's application for leave to appeal.  *See People v. Thomas*, 477 Mich. 915 (2006).

Petitioner signed and dated his habeas petition on November 13, 2005.[1]  The grounds for

---

[1]  The petition was received in the Chief Judge's chambers on February 13, 2006, and filed by the Clerk of Court on February 22, 2006.

relief read:

I.      Conviction obtained by a plea of guilty which was unlawfully
        induced or not made voluntarily with the understanding of the
        nature of the charge and the consciousness of the plea.

II.     Denial of effective assistance of counsel.

III.    Conviction obtained by a violation of the protection against double
        jeopardy.

IV.     Conviction obtained by the unconstitutional failure of the
        prosecution to disclose to the defendant evidence favorable to the
        defendant.

Respondent argues in his motion to dismiss that Petitioner has failed to exhaust state

remedies for his claims.  Petitioner replies:  (1) that the State's motion does not constitute a

responsive pleading, and because the State has not answered the habeas petition within the

deadline prescribed by the Court, the State has waived any and all procedural defenses, except

the exhaustion defense; (2) that he has no effective remedy, because the "cause and prejudice"

requirement of MCR 6.508(D) is insurmountable; and (3) that it would be futile to require

exhaustion of state remedies, because his sentence is "rapidly expiring, thereby potentially

'mooting' his issues and/or defeating the entire purpose of resort to federal habeas." (Pet. Br. p.

8).

## II.  ANALYSIS

### A.      Exhaustion of State Remedies

The doctrine of exhaustion of state remedies provides that

[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust
available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the
opportunity to pass upon and correct alleged violations of its prisoners' federal
rights.  To provide the State with the necessary opportunity, the prisoner must
fairly present his claim in each appropriate state court (including a state supreme

3

> court with powers of discretionary review), thereby alerting that court to the
> federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted). As stated in *O'Sullivan*, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review in the state's supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Borerckel*, 526 U.S. 838, 845, 847 (1999). For state prisoners in Michigan, this means that they must raise their habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking relief in federal court. *See Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973).

A review of the habeas petition and the appellate record reveals that Petitioner did not fairly present all his claims to the State's appellate courts. He did not raise his first claim (involuntary plea due to lack of knowledge of the nature of the charge and the elements of the offense) or his third claim (double jeopardy) in either the Michigan Court of Appeals or in the Michigan Supreme Court. Petitioner mentioned his fourth claim (prosecutorial misconduct) as part of one of his arguments in the Michigan Supreme Court, but he did not raise the claim in the Michigan Court of Appeals. Submission of a new claim to a State's highest court on discretionary review does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Petitioner raised his ineffective assistance of trial counsel claim in the Michigan Court of Appeals. Although the issue was not presented as an independent claim, it was argued at length; and it put the state court on notice of the constitutional nature of the claim. *See Whiting v. Burt*, 395 F.3d 602, 613-15 (6th Cir. 2005). Whether Petitioner fairly presented the same claim to the

4

Michigan Supreme Court is less clear.  He raised the issue in a claim that also alleged that the arraignment was waived without his consent and that the prosecutor failed to disclose evidence favorable to the defense.  Even assuming that the claim was fairly presented to the state supreme court, at best, the habeas petition is a mixed petition of exhausted and unexhausted issues, which is subject to dismissal.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

**B.    Petitioner's Objections**

1.    The Availability of a State Remedy

Petitioner asserts that he does not have an effective remedy to exhaust.  However, he could file a motion for relief from judgment in the trial court.  *See generally* MCR 6.500 et seq. If he is unsuccessful there, he can appeal the trial court's decision to the Michigan Court of Appeals and to the Michigan Supreme Court.  *See* MCR 6.509(A), 7.205, and 7.301-02.  He contends that he should not be required to file a motion for relief from judgment, because of the incredibly high threshold of MCR 6.508(D)(3), which requires showing "good cause" for not raising claims on appeal and "actual prejudice from the alleged irregularities."  Petitioner would have to make the same showing here if the Court had concluded that he had no available remedy to exhaust.  *Gray v. Netherland*, 514 U.S. 152, 161-62 (1996); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991).  Therefore, the contention that he cannot establish the "cause and prejudice" requirement of MCR 6.508(D) is unavailing.

2.    The State's Responsive Pleading

Petitioner alleges next that Respondent's motion to dismiss does not constitute a responsive pleading, as contemplated by Rule 5 of the Rules Governing Section 2254 Cases, and that the State waived all procedural defenses, except the exhaustion defense, by filing an

5

untimely responsive pleading.  The motion to dismiss, however, was timely filed, and it satisfies

the requirement that an answer "state whether any claim in the petition is barred by a failure to

exhaust state remedies."  Rule 5(b) of the Rules Governing Section 2254 Cases.  Furthermore,

Petitioner concedes that the State has not waived the exhaustion requirement.  The Court finds

no merit in Petitioner's argument that Respondent did not file a proper responsive pleading.

3.      Futility

Petitioner's final objection to the State's motion is that it would be futile to require

exhaustion of state remedies, because his sentence will expire soon.  Although the exhaustion

requirement is not a jurisdictional one, *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), the

requirement

> serves to minimize friction between our federal and state systems of justice by
> allowing the State an initial opportunity to pass upon and correct alleged
> violations of prisoners' federal rights.  An exception is made only if there is no
> opportunity to obtain redress in state court or if the corrective process is so clearly
> deficient as to render futile any effort to obtain relief.

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

As noted, the State of Michigan has an available corrective process.  Although showing

entitlement to relief under MCR 6.508(D) may be difficult, not all efforts to obtain relief under

Subchapter 6.500 are futile.  *See, e.g., People v. Williams*, 471 Mich. 928 (2004) (table); *People

v. Hughes*, No. 203069, 2000 WL 33395308 (Mich. Ct. App. Dec. 1, 2000) (unpublished).

Furthermore, one of Petitioner's claims alleges a violation of the Double Jeopardy Clause.  A

defendant may always question whether the State had a right to bring a prosecution, and a double

jeopardy claim is deemed a jurisdictional defect or its equivalent, which is not subject to the

"good cause" and "actual prejudice" requirement of MCR 6.508(D)(3).  *People v. Carpentier*,

6

446 Mich. 19, 47-48 (1995) (Riley, J., concurring).

In addition, although Petitioner's earliest release date was May 7, 2006, his maximum release date is June 7, 2008. Petitioner should be able to exhaust his state remedies before he is unconditionally released from custody.

Finally, it does not appear that the one-year statute of limitations precludes a return to state court for the purpose of exhausting state remedies. The Michigan Supreme Court did not issue its decision on direct review until October 31, 2006, and the time during which a properly filed application for post-conviction review is pending in state court may not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

## III.     CONCLUSION

Petitioner has not fairly present all his claims to the State's appellate courts, and he has an available remedy. Therefore, Respondent's motion to dismiss (Docket No. 21) is **GRANTED**, and the habeas corpus petition (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Petitioner's motions for appointment of counsel and an evidentiary hearing (Docket Nos. 11, 17, 22) are **DENIED** as moot. Finally, the Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 6, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 6, 2006.


                                        s/Denise Goodine
                                        Case Manager